**UNITED STATES of America**

v.

**Joseph F. WOLLSCHLAGER.**

**No. 83 C 20012.**

United States District Court,
N.D. Illinois, W.D.

June 28, 1984.

Barry R. Elden, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

John M. Nelson, Rockford, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is the government's motion seeking reconsideration of this court's May 18, 1984 Order dismissing defendant's indictment without prejudice. The court's order was based upon a finding that the Speedy Trial Act's seventy day limitation had expired on the date the jury was impaneled. For the reasons set forth herein, the government's motion to reconsider is denied.

## I. BACKGROUND

The facts giving rise to the instant dismissal were set forth in detail in the court's May 18, 1984 Order. The factual discussion contained in that decision should be consulted as background to the present opinion. No additional recitation of the facts will be set forth in this decision.

## II. DISCUSSION

The government offers five sets of arguments in favor of reconsideration. Each of these arguments involves a different period of excludable time. The court will briefly address each argument in relation to the time for which it is offered.

### A. November 11, 1983 to November 14, 1983, and February 25, 1984 to February 27, 1984

In the May 18th Order, the court determined that the government's responses to the defendant's motions were originally due on November 11, 1983. In light of that determination, the government now argues that under Federal Rule of Criminal Procedure 45(a) its responses were not due until November 14, 1983. Since November 11th was both Veteran's Day, a court holiday, and a Friday, the government correctly concludes that the date its responses were due was automatically continued until the following Monday, November 14th. Because these three days were part of a briefing schedule set in accordance with the local rules, they were automatically excludable pursuant to 18 U.S.C. § 3161(h)(1)(F). Thus, three additional excludable days should have been deducted from the court's calculation of excludable time.

Identifying seventy-four as the total number of non-excludable days the court held had expired when the jury was impaneled on February 27th, the government contends the deduction of these three additional excludable days brings the commencement of the trial within the Act's seventy day limitation. Using the seventy-four day figure, the government notes that if these three days are deducted, the seventieth non-excludable day fell on Saturday, February 25th. When the Act's final excludable day falls on a Saturday, Rule 45(a) provides that the seventieth day is automatically tolled until the following Monday. In the present case, the defendant's trial was commenced on the following Monday, February 27th. Thus, the government concludes the defendant's trial was properly commenced within the Act's seventy day limitation.

The government's latter argument is premised upon the incorrect belief that the court *held* seventy-four non-excludable days had expired on the date the jury was impaneled. In the May 18th Order, however, the court actually held that "... *even assuming* the second fourteen day continuance granted by the Magistrate was excludable, seventy-four non-excludable days, four more than were allowed by the Act, had expired on the day the jury was impaneled." (Emphasis added). The second fourteen day continuance mentioned in the quoted excerpt, referred to the continuance between September 16 and September 30, 1983. That continuance, requested by the defendant and granted by the Magistrate, was permitted to allow the defendant additional time to obtain private counsel. While the court has noted that the continuance *could* have been excluded pursuant to § 3161(h)(8)(A), no written excludable time order appears in the record and no transcript of the September 16th proceedings has been presented to the court.

In "assuming" the subject continuance was excludable, the court was merely noting that, even indulging every presumption in favor of the government, the Act's seventy day limitation had been exceeded. That "assumption", which the court then viewed as nonmaterial, played no role in the outcome of the court's decision. In light of the government's identification of three additional excludable days, however, the subject continuance has become material.

██ Absent some affirmative proof that the Magistrate made an oral finding consistent with § 3161(h)(8)(A), the court is

unwilling to vacate the May 18th Order based upon the mere assumption that such an order was entered. Indeed, while the government premises its seventy-four day starting point upon such an assumption, its numerous additional arguments in favor of reconsideration suggest an awareness that no oral excludable time order was actually entered. If the government is denied this assumption, then its analysis plainly fails. Absent an oral § 3161(h)(8)(A) order governing the continuance between September 16 and September 30, 1983, the seventieth excludable day fell long before the Saturday preceding the impaneling of the jury. Thus, on the basis of the record now before the court, the government's identification of three additional excludable days does not present a basis for reconsideration.

### B. August 26, 1983 to February 13, 1984

The government next contends that the court mistakenly concluded it was without authority to enter the *nunc pro tunc* order purporting to exclude the time between August 26, 1983 and February 13, 1984. Under the government's interpretation of *United States v. Janik*, 723 F.2d 537 (7th Cir.1983), the only questionable *post hoc* findings are those entered in response to a motion to dismiss based upon a violation of the Act. Since the court's February 17th order was entered shortly before the filing of the defendant's Speedy Trial Act motion, the government contends the order was proper.

■ The court views the government's interpretation of *Janik* as far too narrow. If that decision or the Act itself is to have any meaning "every continuance [cannot] be converted retroactively into a continuance creating excludable time." *Id.* at 545. The only non-excludable time between August 26, 1983 and February 13, 1984 accrued while the action was pending before the Magistrate. No additional non-excludable time accrued between January 13th, the date when the parties first appeared before this court, and February 13th, the date when the court issued its decision on all pending motions. While *Janik* may permit a court to enter a *post hoc* excludable time finding within a reasonable period after granting a continuance, this court does not view that decision as allowing a judge to enter such a *post hoc* finding concerning a continuance granted by another judge or magistrate. In the present case, this court has no means of determining whether the Magistrate weighed the considerations required by § 3161(h)(8)(B) or intended to make a finding of excludable time. Only the Magistrate was in a position to make such a finding. Thus, the court concludes it was without authority to enter the February 17th order.

■ Moreover, even if authority exists for the entry of such an order, the court must admit the order entered in the present case was erroneous. The order reflects that the time was excluded "to insure that defendant's counsel is given adequate time to prepare the defense of this case." On the date the order was entered, however, the defendant was acting *pro se* and had not yet indicated any desire to have a licensed attorney undertake his defense. Thus, the court concludes the subject order was properly vacated.

### C. February 15, 1984 to February 27, 1984

■ The government's next contention is that the delay between February 15, 1984, the date on which court originally indicated a desire to commence the trial, and February 27, 1984, the date on which the trial was eventually set to begin, should be excluded because the delay was caused by the defendant's unavailability. While that period could have been excluded by a timely order, no effort to enter such an order was undertaken until the instant motion. Even under the government's narrow interpretation of *Janik*, the entry of such an order would be questionable after the defendant has raised a Speedy Trial objection and the court has ruled in his favor. Thus, the court holds the subject period is not excludable.

### D. December 11, 1983 to January 13, 1984

The government offers numerous arguments to support its contention that the delay from December 11, 1983 to January 13, 1984 was excludable. First, the government contends the defendant waived any objection to its request for an additional forty day continuance by not objecting at the time the request was made. The Speedy Trial Act protects the "best interest of *the public* and the defendant in a speedy trial." (Emphasis added) 18 U.S.C. § 3161(h)(8)(A). In an effort to insure that these interests are not undermined by § 3161(h)(1)(F)'s liberal exclusion, courts have recognized that requests for extensions which can be characterized as unreasonable or egregious may require that some portion of the pendency period be regarded as non-excludable. *United States v. Novak*, 715 F.2d 810, 819–20 (3rd Cir.1983), *cert. denied*, ——— U.S. ——— 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984); *United States v. Horton*, 705 F.2d 1414 (5th Cir.), *cert. denied*, ——— U.S. ———, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983); *United States v. Cobb*, 697 F.2d 38, 43–44 (2nd Cir.1982).

■ In view of the interests protected by the Act, this court concludes that the determination of whether a requested extension was unreasonable or egregious does not depend solely upon the defendant's offering a concurrent objection. Whether the defendant has objected may be of some relevance in determining if the requested extension was unreasonable or egregious. It is not controlling, however, particularly where, as here, the objecting defendant is acting *pro se*. Thus, the court refuses to vacate its prior order based upon the defendant's alleged waiver.

■ Again citing *Janik*, the government also contends that an excludable "under advisement" period of greater than thirty days was appropriate in view of the numerous motions filed by the defendant. Whatever merit this position might have in another case, the motions under advisement here clearly did not require any more than the thirty day maximum allowed by § 3161(h)(1)(J).

The government also asserts that it "is troubled by the court's use of 'hindsight' (At 1577) to find a Speedy Trial Act violation and vitiate a conviction after trial." In particular, the government notes that "[a] case decided by the Seventh Circuit in April 1984 (see at 1577 n. 2) should not be used to undercut the Magistrate's finding."

■ The court too is extraordinarily troubled by many of the events occurring throughout the course of these proceedings. The court, however, does not hesitate to reaffirm its retrospective determination that the government's request for an additional forty day continuance was unreasonable. The relevant authority clearly supports such a determination. In *Horton*, the court spoke of *"disregarding* some portion of the pendency period." (Emphasis added) 705 F.2d at 1416. Moreover, the Act itself plainly anticipates such determinations. For example, it is difficult to imagine how the conduct prohibited by 18 U.S.C. § 3162(b) could be discovered until after the fact. The government offers absolutely no authority prohibiting such a finding and the court is not inclined to reconsider its position based upon such a hollow request.

If the courts were prohibited from making such retrospective determinations, requests for continuances would be effectively beyond review. In order to insure that a requested delay was not an attempt to deprive a defendant of a speedy trial, a judge or magistrate would be required to undertake an affirmative inquiry into the merits of a motion simply to set a briefing schedule. Indeed, such an affirmative inquiry might be disadvantageous, as many judges or magistrates might pre-judge the motions before them based upon an incomplete record.

Requiring that the government review pending motions before requesting any continuance beyond the time allowed by the local rules, however, presents no similar disadvantage. Indeed, § 3161(b)(2), (3) and (4) already imposes such a duty. More-

over, mere mistakes in judgment will not result in retrospective findings of non-excludable time unless the request can be fairly characterized as unreasonable or the circumstances as egregious.

In addition, the court obviously did not intend to "undercut" the Magistrate's findings or intimate that he should have been aware of a case decided subsequent to his ruling. The court merely cited *United States v. Kolibonski*, No. 83–1634 (7th Cir.4/24/84) as the most recent in a long line of cases summarily settling many of the issues the government advised the Magistrate would required a "lengthy response." As was noted in the previous order, the court has no criticism of the Magistrate's conduct.

Finally, the government contends that at least ten of the forty additional requested days were reasonable and should have been excluded. At the time the forty day extension was requested, however, the government had been in possession of the defendant's motions for over thirty days. Given the merit of the subject motions, even ten additional days would indeed have been unreasonable.

### E. Procedural Objections

The government's final objection concerns the defendant's use of Federal Rule of Criminal Procedure 34 to renew his Speedy Trial Act objection after trial. Rule 34 directs a court to arrest judgment "if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged." While the expiration of the Act's seventy day limitation arguably divested the court of jurisdiction over the defendant (§ 3162(a)(2) mandates dismissal rather than retrial), the court clearly retained jurisdiction over the "offense charged." Thus, despite the absence of specific case authority, the government's position appears to be correct.

While the defendant's motion may not have been brought under the correct rule, the court declines to vacate its order on such grounds. Defendant's original Speedy Trial Act motion was brought in a timely fashion. The court's order denying that motion was interlocutory in nature and properly subject to reconsideration. Under the circumstances of this case, the court elects to treat the defendant's timely post-trial motion as a motion to reconsider the court's previous ruling. Thus, the government's motion to reconsider based upon the defendant's reference to Rule 34 in his post-trial motions is denied.

### III. CONCLUSION

For the reasons set forth herein, the government's motion to vacate the court's order of May 18, 1984 is denied.